IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

PAUL BROWN and VINCENT ROGOWSKI,

                Plaintiffs,

                                      Civ. Action No.
                                      5:09-CV-125 (GTS/DEP)

    v.

COUNTY OF MADISON,

                Defendant.

---

ORDER

      Currently pending before the court in connection with this action are two motions brought by the plaintiffs. In the first, plaintiffs seek leave to amend their complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Dkt. No. 20. Since that motion is made after the passage of the deadline for amendment of pleadings, as set forth in the court's Uniform Pretrial Scheduling Order ("UPSO"), plaintiffs also of necessity seek relief from that scheduling order to permit the amendment. *Id*. In their second motion, plaintiffs' request an order compelling defendant's compliance with interrogatories, pursuant to Rule 37 of the Federal Rules of Civil Procedure. Dkt. No. 21. Defendant does not oppose plaintiffs' motion for leave to amend, but does oppose their motion to compel,

arguing that the County has fully complied with its obligations under the applicable rules to provide requested discovery. Dkt. No. 22.

Oral argument was conducted on August 11, 2010 with regard to plaintiffs' motions. During that argument verbal rulings were issued by the court concerning the motions. Based upon the foregoing and the court's bench decision, which is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiffs' motion for leave to amend (Dkt. No. 20) is GRANTED.

2) Within fourteen days from the date of this order plaintiffs shall serve upon defendants' counsel an amended complaint, in the form of that attached to their motion, and shall file with the court that amended complaint together with a certificate or affidavit reflecting its service upon defendant's counsel.

3) Plaintiffs' motion to compel compliance with Interrogatory No. 24 is GRANTED. Within twenty-one days of the date of this order defendant shall provide copies, to the extent that it has have not previously done so, of all building permits, certificates of occupancy and construction plans that are within their possession, custody, or control regarding the eight projects referenced in response to Interrogatory No. 7.

4) Plaintiffs' motion to compel defendant's compliance with Interrogatories Nos. 18 and 19 is GRANTED, in part. Within twenty-one days of the date of this order defendant shall provide copies of all non-privileged written communications generated within the five years immediately proceeding the filing of plaintiff's notice of claim between the Chairman of the Madison County Board of Supervisors, the County's ADA compliance officer, and/or the Office of the County Attorney, on the one hand, and any state or federal representative on the other, as well as between the aforementioned County officers or employees, relating to the accessibility of the Madison County Courthouse. To the extent that any documents falling within the scope of this request are withheld under claim of privilege, a proper privilege log shall be provided to plaintiffs' counsel within the same time frame containing the information required under Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.

5) In addition, also within twenty-one days of the date of this order, defendants shall state, under oath, whether any oral communications occurred between the Chairman of the Madison County Board of Supervisors, the County's ADA compliance officer, or the Office of the County Attorney, and any state or federal agencies, as well as between

any of the aforementioned county officers or employees, within five years prior to filing of the notice of claim in this matter, concerning accessibility of the Madison County Courthouse to disabled individuals and, with respect to any such verbal communications, shall provide the approximate number, the dates or date ranges, the general substance, and the identification of all participants.

    6) Plaintiffs' motion to compel defendant's compliance with Interrogatories Nos. 3, 4, 8, 12, 14, 15, 20, and 23 is DENIED.

    7) With respect to Interrogatory No. 5, plaintiffs' motion is GRANTED, in part. Within twenty-one days of the date of this order defendant shall state, under oath, whether the defendant contends that the Madison County Courthouse and courtroom facilities housed within the building are physically accessible to the plaintiffs in this case, without the need for any accomodation.

    8) Plaintiffs' motion to compel defendant's compliance with Interrogatory No. 11 is GRANTED, in part. Within twenty-one days of the date of this order defendant shall state whether any written policy applicable and in force at any time within the past five years exists regarding accessibility of the Madison County Courthouse and the

facilities within the Madison County Courthouse to disabled individuals, regardless of when the policy was created, and in addition shall provide a copy of any such written policy to plaintiffs' counsel.

9) Plaintiffs' motion to compel defendant's compliance with Interrogatory No. 25 is GRANTED.

10) Compliance with the requirements of this order shall occur within twenty-one days of its date, unless otherwise specified.

11) Except to the extent of the foregoing, plaintiffs' motion to compel discovery is DENIED, without costs or attorneys' fees to any party.

*/s/ David E. Peebles*
David E. Peebles
U.S. Magistrate Judge


Dated:   August 12, 2010
         Syracuse, NY